**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MACSONE POLYTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-01863 |
| v. | ) | |
| | ) | |
| LEONARD ODDO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM ORDER GRANTING MOTION TO ENFORCE (ECF No. 20)**

Pending before the Court is Petitioner's Motion to Enforce (ECF No. 20). Petitioner claims that Respondent[1] was violated this Court's previous Order because a bond hearing had not been held in accordance with this Court's previous Order to Show Cause. (ECF No. 7). Petitioner, a citizen of Haiti, arrived in the United States on June 28, 2023, at the Miami International Airport. He alleges that he came to the United States legally and applied for Temporary Protected Status (TPS). (ECF No. 6, at 9). Respondent does not dispute that characterization but only notes that Petitioner's TPS application is still pending. (ECF No. 11). Petitioner alleges that he was detained by immigration authorities on February 13, 2026. He is currently detained at Moshannon Valley Processing Center. Nearly eight months later, on October 2, 2026, Petitioner filed this habeas petition. (ECF No. 6).

On October 2, 2026, the Court ordered that, if Petitioner is detained under 8 U.S.C. § 1226(a), he promptly receive an individualized bond hearing before an Immigration Judge ("IJ"),

[1] As required for a habeas petition, the Respondent is Petitioner's direct custodian. No additional Respondents are named, but the actions discussed in this Order are not imputed to the personal conduct of Respondent Leonard Oddo, and, as discussed below, are attributed to the Department of Homeland Security ("DHS"), which bears responsibility for bond hearings provided by Immigration Judges. Nonetheless, as the direct custodian of the Petitioner, any Order such as this one is directed to Mr. Oddo.

as required by the Third Circuit's decision in *Buele Morocho v. Warden Philadelphia FDC*. (ECF No. 7, (citing 2026 WL 2546223 (3d Cir. Aug. 28, 2026))). The Court further ordered that:

> based on this Court's decision in *Bah v. Oddo*, No. 3:26-CV-01393, 2026 WL 2561261 (W.D. Pa. Aug. 31, 2026) and the Third Circuit's decision in *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020), the burden of proof in this bond hearing should shift to the government because Petitioner has been detained for more than six months without a final order of removal.

*Id.*

After that Order, Respondent responded that Petitioner was scheduled for a bond hearing to take place on October 9, 2026. (ECF No. 11). That bond hearing was scheduled at Petitioner's request so that he could seek counsel. (ECF No. 14). Petitioner received a bond hearing on November 4, 2026, without counsel. (ECF No. 19). The Order of the IJ generated by that hearing stated that Petitioner "has not met *his* burden of establishing that he is not a flight risk." (ECF No. 19-1) (emphasis added). On November 13, 2026, Petitioner filed a "Motion to Notify the Court of a Fundamentally Unfair Bond Hearing" (ECF No. 20), which, in light of Petitioner's pro se status, the Court construed as a Motion to Enforce. (ECF No. 21). The Court ordered Respondent to respond to, in relevant part, whether the burden at the bond hearing before the IJ was appropriately allocated. *Id.*

The same day, counsel for Respondent acknowledged that the burden of proof was incorrectly placed on Petitioner and that counsel was working to ensure compliance with the Court's prior Order. (ECF No. 23). Respondent then filed a Notice that Petitioner was scheduled for a new bond hearing to take place on November 20, 2026. (ECF No. 24). In its Motion to

Reconsider, DHS requested that the IJ conduct a bond hearing at which the burden was appropriately shifted. (ECF No. 24-1).

On November 24, 2026, Respondent filed an additional Response to the Motion to Enforce. (ECF No. 26). The Response stated that counsel was informed that the IJ presiding over Petitioner's second bond hearing again failed to apply the shifted burden as directed in the Court's prior Order. *Id.* Counsel noted that "[r]egrettably, it appears that Respondents have failed to comply with the Court's show cause order. In light of these circumstances, it further appears that immediate release from detention may be an appropriate remedy." The Court agrees.

Petitioner has now been detained for over nine months — over eight months without the bond hearing required by § 1226(a) and the Due Process Clause, *see generally Buele Morocho* — and he then remained detained after two bond hearings that failed to comply with this Court's prior Orders. The Court cannot retroactively remedy the due process violations Petitioner has suffered, but, as Respondent aptly acknowledged, "[a]lthough this may be of little comfort to . . . Petitioner," (ECF No. 26), it can remedy his continued unlawful detention. Respondent is therefore ORDERED to release Petitioner from custody. *Cf. Hernandez-Polanco v. Noem*, No. 26-1283, 2026 WL 657817, at *1 (D.N.J. Mar. 9, 2026); *Restrepo v. Jamison*, 823 F. Supp. 3d 529, 549 (2026) (ordering the petitioner's immediate release in the event that a bond hearing is not timely provided).

AND NOW, this 24th day of November 2026, IT IS HEREBY ORDERED:

- The Motion to Enforce (ECF No. 20) is GRANTED;

- Respondents shall release Petitioner from detention into this judicial district within three (3) days of the date of this Order, subject to reasonable noncustodial conditions of supervision consistent with 8 U.S.C. § 1226(a);
- Respondent and DHS are ENJOINED from re-detaining Petitioner under 8 U.S.C. § 1226(a);
- Respondent shall release Petitioner with any and all personal property, including the items he had with him at Moshannon Valley ICE Processing Center or at any other detention locations at which he was held;
- Respondent shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 within seventy-two (72) hours of Petitioner's release, confirming the date, time, and manner of release.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

DATED: November 25, 2026

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE